UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **TRACY T. YOUNG, ET AL.** | **CIVIL ACTION NO.  14-3356** |
| versus | **JUDGE S. MAURICE HICKS** |
| **MARTIN SPECIALTY COATINGS, LLC, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

### ORDER

Plaintiffs filed the above-captioned matter in federal court on the basis of diversity jurisdiction.  28 U.S.C. §1332.  When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'"  *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source).  This rule requires "strict adherence."  *Id*.

For purposes of diversity, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).[1]  Moreover, for each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations.  *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.*, 2007

---

[1] Under Louisiana law, a limited liability company is an unincorporated association.  La. R.S. 12:1301A(10).

WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

In the instant case, the complaint fails to allege the members and citizenship of defendant, Martin Specialty Coatings, LLC. In addition, the complaint does not allege the state of incorporation or the principal place of business for defendant, United Fire & Casualty Company.[2]

Accordingly, within the next seven (7) days from the date of this order, plaintiffs are granted leave of court to file an amended complaint for the limited purpose of establishing diversity jurisdiction. See 28 U.S.C. § 1653. If plaintiffs fail to so comply, or if jurisdiction is found to be lacking, then dismissal will be recommended. Fed.R.Civ.P. 12(h)(3).

In Chambers, at Monroe, Louisiana, this 27th day of March 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[2] In its corporate disclosure statement, United Fire and Casualty Company represented that it was an Iowa corporation. (Corp. Discl. Statement [doc. # 10]). However, it did not specify its principal place of business. *Id*.
Citing 28 U.S.C. § 1332(c)(1), plaintiffs contend that United Fire and Casualty Company has the same citizenship as its insured, Martin Specialty Coatings, L.L.C. (Compl., ¶ 2). However, the insured is a party to the suit, and thus, the direct action provision is inapplicable. Even if it did apply, the citizenship of the liability carrier further contemplates every state where it has been incorporated and where it has its principal place of business. See 28 U.S.C. § 1332(c)(1).